AO 91 (Rev. 11/11) Criminal Complaint

| | | |
|---|---|---|
| AUSA: | Andrew R. Picek | Telephone: (313) 226-9100 |
| Special Agent: | Matthew Rummel (ATF) | Telephone: (313) 202-3400 |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| | | |
|---|---|---|
| United States of America | | Case: 2:24-mj-30240 |
| v. | | Assigned To : Unassigned |
| D-1 Jehan Temas Bostic | Case No. | Assign. Date : 6/24/2024 |
| D-2 Antonio Daryell Bryant | | Description: RE: JEHAN BOSTIN, ANTONIO BRYANT (EOB) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __June 21, 2024__ in the county of __Jackson__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Distribution of Heroin (Bostic) |
| 18 U.S.C. § 924(c)(1)(A) | Possession of a Firearm During and in Relation to a Drug Trafficking crime (Bostic) |
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm (Bostic) |
| 18 U.S.C. § 111(b) | Assaulting a Federal Officer with a Deadly Weapon (Bryant) |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_Complainant's signature_

Matthew Rummel, Special Agent (ATF)
_Printed name and title_

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __June 22, 2024__

_Judge's signature_

City and state: __Detroit, Michigan__

David R. Grand, United States Magistrate Judge
_Printed name and title_

**AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR
A CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Matthew Rummel, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND BACKGROUND**

1.      I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since September 2014. I have a bachelor's degree in criminal justice. I am a graduate of the Federal Law Enforcement Training Center Criminal Investigator School and the ATF's Special Agent Basic Training School. Prior to joining the ATF, I was employed, for approximately eight years, as a Parole Agent with the Michigan Department of Corrections. During that time, for approximately four years, I was assigned to a multi-jurisdictional task force comprised of federal, state, and local law enforcement agencies. Collectively, I have over 17 years of experience in law enforcement. Pursuant to 18 U.S.C. § 3051, I am empowered to enforce criminal laws of the United States.

2.      This affidavit is based upon information I have gained from my investigation, my training and experience, and from information provided by law enforcement officers and others who have personal knowledge of the events and circumstances described herein. The information set forth in this affidavit is for the

limited purpose of establishing probable cause and does not include all the information known to law enforcement related to this investigation.

3. I submit this affidavit in support of a criminal complaint charging Jehan Temas BOSTIC (DOB XX/XX/1997), an individual who was convicted of a crime punishable by imprisonment for a term exceeding one year, with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), possession of a firearm during and in related to a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1).

4. This affidavit also establishes probable cause that Antonio Daryell BRYANT (DOB XX/XX/1997), forcibly assaulted ATF Special Agent Joshua Loy with a deadly weapon, that is, a motor vehicle, while Special Agent Loy was performing his official duties as an employee of the United States Department of Justice, in violation of 18 U.S.C. § 111(b).

## PROBABLE CAUSE

5. Jehan BOSTIC, a resident of Jackson and the target of an ongoing ATF investigation. BOSTIC is a member of a gang, primarily located in Jackson, Eastern District of Michigan, called the Thorough Bread Family or TBF. I have investigated TBF for over two years. As a result of the ATF investigation, several members of TBF have been convicted for various violations of federal law.

6. In June 2024, I monitored and directed texts and calls between a Confidential Informant (hereafter CI) and BOSTIC. During the calls, BOSTIC told the CI he had a Glock 19, equipped with a machinegun conversion device. BOSTIC complained to the CI that his firearm only had sixteen rounds and it was "pointless" to have a machinegun with so few bullets.

7. A few days later, there were several shootings and a homicide in Jackson. The victim of the homicide was a member of a gang that was a rival of TBF. Two days after the murder, BOSTIC contacted the CI and asked for machineguns, ballistic vests, extended magazines, and firearms. BOSTIC requested that the CI bring the items to Jackson because BOSTIC needed "all the firepower" he could get, because people were "trying to kill [him]." Based on the context of the conversation, my knowledge about TBF, and events in Jackson, it is highly likely that BOSTIC believed he was a likely target in retaliation for the recent shootings and homicide, of a rival gang member, in Jackson.

8. On June 21, 2024, BOSTIC and the CI spoke again, and negotiated for the CI to give BOSTIC a machinegun and extended magazines, in exchange for an amount of heroin. Thereafter, law enforcement established surveillance at BOSTIC's residence in Jackson County. BOSTIC was observed entering the passenger seat of a silver Mercury Montego. The vehicle was subsequently followed to the pre-arranged meet location.

9. Upon arrival at the meet location, the CI entered and met BOSTIC in a Mercury Montego driven by Antonio BRYANT. A third individual was also in the car. The CI provided BOSTIC with the requested machinegun and extended magazines, to include a fifty round drum. The machinegun the CI provided to BOSTIC was an actual firearm manufactured by Glock. For safety purposes, the Glock had been modified by ATF so that it was incapable of shooting live ammunition.[1] BOSTIC provided the CI with eight grams of suspected heroin, in exchange for the machinegun. The eight grams of suspect heroin has a street value of approximately $600. BOSTIC also promised to provide the CI with an additional eight grams of heroin at some point in the future.

10. Once the deal was completed, law enforcement, including special agents from the ATF and Michigan State Troopers (MSP) moved in to arrest BOSTIC. At the same time, several law enforcement vehicles attempted to block the Montego from driving away. BRYANT, driving the Mercury Montego, attempted to escape by swerving around two of the law enforcement vehicles. Thereafter, in his continued attempt to escape, BRYANT intentionally crashed the

---

[1] Several Sixth Circuit cases advise that a weapon does not need operable to meet the federal definition of a firearm. Instead, "[i]t is sufficient if the weapon was designed to expel a projectile or could readily be converted to do the same." *United States v. Carter*, No. 6:15-CR-37-GFVT-HAI, 2017 WL 11446928, at *3 (E.D. Ky. Aug. 2, 2017), report and recommendation adopted, No. 615CR00037GFVTHAI1, 2019 WL 3801843 (E.D. Ky. Aug. 13, 2019) (citing In "*United States v. Yannott*, 42 F.3d 999 (6th Cir. 1994)). See also *United States v. Butler*, 101 F. App'x 97, 98 (6th Cir. 2004).

front of the Montego into the front end of ATF Special Agent Loy's government vehicle, causing the airbag to deploy. Special Agent Loy, who was acting in his official capacity as a federal law enforcement officer, was driving the vehicle at the time.

11. After crashing into Special Agent Loy's vehicle, the Montego was disabled due to the damage it had sustained. BRYANT, BOSTIC, and the third individual were all detained at the scene. Special Agent Loy suffered minor burns from his contact with his vehicle's driver's side airbag.

12. The machinegun and extended magazines the CI traded to BOSTIC were located in the rear passenger compartment of the Mercury Montego.

13. Agents also recovered additional suspected heroin on the front passenger seat floorboard, where BOSTIC was seated. The suspected heroin was field tested with positive results for heroin. Behind the driver seat, agents recovered a Glock 19 with fifteen rounds in the magazine and one round in the chamber, for a total of sixteen live rounds. The Glock had a silver machinegun conversion device (MCD) affixed to the rear slide. As stated above, BOSTIC had previously told the CI that he had a Glock 19, with a MCD and sixteen rounds.

14. On June 21, 2024, an ATF Interstate Nexus authority, S/A Dustin Hurt, reviewed the make and model and information for the Glock 19.

15. After reviewing the firearm, S/A Hurt advised the Glock was manufactured in Austria, outside of the state of Michigan, and thus concluded it would have traveled in and affected interstate or foreign commerce.

16. In *Smith v. United States*, 508 U.S. 223 (1993), the Supreme Court resolved a conflict among the courts of appeals as to whether the term "uses" embraces the exchange of firearms for drugs. Affirming the decision of the Eleventh Circuit, the court held that "[b]oth a firearm's use as a weapon and its use as an item of barter fall within the plain language of § 924(c)(1), so long as the use occurs during and in relation to a drug trafficking offense." *Id*. at 240

17. In 2017, BOSTIC pleaded guilty to possession of a controlled substance, a felony carrying a possible punishment greater than one year, in Jackson County. In 2018, BOSTIC pleaded guilty to carrying a concealed weapon, also a felony carrying a possible punishment greater than one year, in Jackson County. I also know that, on or about February 19, 2021, the Michigan Department of Corrections conducted a parole compliance check of BOSTIC's registered parole address, in Jackson County, and recovered approximately 28 grams of suspected fentanyl and approximately 6 grams of suspected crack cocaine from BOSTIC and his area of control.

18. In August 2021, BOSTIC was convicted of a felony, namely delivery/manufacture of a controlled substance. This conviction occurred in

Jackson and the offense resulted in a prison sentence of 18 months to 20 years in prison. Consequently, there is probable cause to believe BOSTIC knew he was a felon no later than the October 2021 sentencing date. BOSTIC also served multiple parole terms. I know that offenders who serve parole terms with the Michigan Department of Corrections are informed by their parole agents that they are prohibited from possessing firearms, due in part to their status as felons.

19. I am aware that the Michigan Court Rules (which are used in the state court system in Michigan) require a court to advise a criminal defendant of the maximum possible prison sentence for an offense before accepting a plea of guilty or nolo contendere to the charge. Therefore, as a result of BOSTIC's aforementioned guilty pleas, as well as the fact that he has served multiple prior prison terms in excess of one year, there is probable cause to believe that he knew that he was a felon who had been previously convicted of a crime punishable by imprisonment for a term exceeding one year when he possessed the firearm(s), on June 21, 2024.

## CONCLUSION

20. Based on the above, I respectfully submit there is probable cause to find that, in or around June 21, 2024, within the Eastern District of Michigan, Jehan BOSTIC, after having been convicted of a crime punishable by imprisonment for a term exceeding one year, was a felon in possession of a

firearm, in violation of 18 U.S.C. § 922(g)(1), was in possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and distributed a controlled substance, heroin, in violation of 21 U.S.C. § 841(a)(1).

21.     Probable cause also exists that, in or around June 21, 2024, within the Eastern District of Michigan, Antonio BRYANT forcibly assaulted ATF Special Agent Joshua Loy with a deadly weapon, that is, a motor vehicle, while Special Agent Loy was performing his official duties as an employee of the United States Department of Justice, in violation of 18 U.S.C. § 111(b).

Respectfully submitted,

_____
Matthew Rummel, Special Agent
Bureau of Alcohol, Tobacco, Firearms
and Explosives

Sworn to before me and signed in my
Presence and/or by reliable electronic means.

_____
DAVID R. GRAND
UNITED STATES MAGISTRATE JUDGE

June 22, 2024